This is an appeal from an order of Judge Nancy Margaret Russo through which she declined to re-sentence appellant Carlos Kincaid although ordered to do so by this court in State v. Kincaid (Dec. 2, 1999), Cuyahoga App. No. 75435, unreported. We vacate the judgment, vacate the September 29, 1998 sentence on the major drug offender specification and, again, remand for re-sentencing.
The record reveals the following facts. Following a jury trial, Kincaid was found guilty of Count 1, drug possession, R.C. 2925.11, and Count 2, conspiracy to commit possession of drugs, R.C. 2923.01, both with major drug offender and juvenile specifications, and was sentenced to ten years of imprisonment on Court 1, concurrent with three years on Count 2. For the major drug offender and juvenile specifications, he was sentenced to a consecutive term of nine years, for a total of nineteen years. On appeal, we affirmed the convictions but remanded the case because the record did not include the findings to support the nine-year additional sentence on the major drug offender specification required under R.C.2929.14(D)(3)(b). The trial court only justified the basis for imposing the maximum term. Kincaid, supra.
To impose an additional sentence of one, two, three, four, five, six, seven, eight, nine, or ten years as allowed under R.C. 2929.14(D)(3)(b), a judge must make findings as set forth in division (D)(2)(b)(i) (i.e., whether an ordinary term would be inadequate to punish the offender and to protect the public because of the likelihood of recidivism under R.C.2929.12 factors) and division (D)(2)(b)(ii) (i.e., whether an ordinary term would demean the seriousness of the offense because one or more of the factors under R.C. 2929.12 are present and outweigh the factors, indicating that the offender's conduct is less serious than conduct normally constituting the offense).
On January 20, 2000, the judge noted the following on the transcript:
 We're here today in the matter of State of Ohio versus Carlos Kincaid, case number 360708C.
 The Defendant had been brought back from the institution for purposes of re-sentencing today, based on a reverse and remand on the issue of sentencing only from the Court of Appeals.
The issue was briefed by the State and the Defense.
* * *
 When the Court reviewed the file, it was termed that in fact the factors relevant to sentencing were prepared and filed OSJ and were docketed by the clerk's office.
 The Court has further determined that the actual factors relevant to sentencing which should have been available to the Court of Appeals, and arguably would have resulted in the Court of Appeals not issuing a reverse and remand on the issue of the Court needing to find factors, in fact OSJ was somehow by somebody removed from the docketing sheet, and the Court of Appeals did not see these documents.
 Counsel's indicated to the Court he also did not see the documents, that he reviewed the docket and transcript.
 As you both know, the Court is only required to make findings either by writing or verbally.
 It has been a long-standing policy of this Court to do it in writing, so there is no confusion over the verbiage.
 Since I have sentenced the Defendant, and sentenced him properly, there will be no re-sentencing today.
 He's to be remanded back to the institution to serve the remainder of the sentence.
 And this Court is referring the matter to the Cuyahoga County Sheriffs Department for investigation.
Thank you.
On January 27, 1999, the following order was file-stamped but does not have the journal volume and page number:
 DEFENDANT IN COURT WITH ATTORNEY GREG ROBEY AND PROSECUTOR LOUIS BRODNIK.
 COURT IS WITHOUT JURISDICTION TO RE-SENTENCE, AS SENTENCING FACTORS WERE PREVIOUSLY JOURNALIZED AS ATTACHED. O.S.J., BUT NOT MADE AVAILABLE TO, OR REVIEWED BY THE COURT OF APPEALS. O.S.J.
The Felony Sentencing Factors forms were not attached to this order. A review of the file, however, shows that the original Felony Sentencing Findings (FSF) form used does not include, as we held in Kincaid, supra, the findings required under R.C. 2929.14(D)(3)(b) to support the nine-year additional sentence on the major drug offender specification. It contains reference only to counts one and two, drug possession and conspiracy to commit drug possession.
Kincaid asserts four assignments of error.
 I. THE TRIAL COURT ERRED IN FAILING TO HOLD A RESENTENCING HEARING WHEN DIRECTED TO DO SO BY THE COURT OF APPEALS.
 II. THE TRIAL COURT'S REFUSAL TO OBEY THE CLEAR MANDATE OF THE COURT OF APPEALS JUSTIFIES REMANDING THIS CASE TO THE ADMINISTRATIVE JUDGE FOR REASSIGNMENT TO ANOTHER JUDGE.
 III. THE TRIAL COURT'S REFUSAL TO OBEY THE CLEAR MANDATE OF THE COURT OF APPEALS JUSTIFIES THIS COURT'S MODIFICATION OF THE SENTENCE WITHOUT REMAND.
 IV. THE RECENTLY DISCOVERED FSF WORKSHEETS FROM THE ORIGINAL SENTENCING DEMONSTRATE THAT THE COURT ERRED IN MAKING THE FINDINGS ON THE RECORD WHEN IT FAILED TO TAKE INTO ACCOUNT THE DEFENDANT'S LACK OF PRIOR CRIMINAL RECORD AND OTHER RELEVANT FACTORS.
We address the first three assignments of error together.
Kincaid contends that the judge had no authority to ignore this court's mandate in Kincaid, supra, and refuse to re-sentence him merely because she thought she sentenced him correctly the first time. Moreover, he claims he was denied the opportunity to address the judge under Crim.R. 32(A)(1), which both affords a defense lawyer an opportunity to speak on behalf of defendant and requires a judge to address a defendant personally and allow him the opportunity to present information in mitigation of his punishment. He also argues that the matter should be remanded and reassigned to a different judge because he contends that Judge Russo believes her pre-printed FSF forms were somehow purposely removed from the file and may blame the Kincaid family. Finally, he suggests that this court should review the sentencing factors and modify his sentence.
The state counters that the judge was not impermissibly reviewing this court's earlier decision; rather, she only pointed out that she had previously considered the elements and correctly entered the sentence as required by law. It claims she was correct in her assertion that if this court knew of the existence of the OSJ form with the FSF attached, it certainly would not have remanded for re-sentencing.
The doctrine of the law of the case provides that a decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3,462 N.E. 410. [T]he doctrine functions to compel trial judges to follow the mandates of reviewing courts. Id. When, at a rehearing after remand, a judge is confronted with substantially the same facts and issues as were involved in the prior appeal, the [judge] is bound to adhere to the appellate court's determination of the applicable law. Id.
Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case. Id. at syllabus. A judge is without authority to extend or vary the mandate given. Id. at 4.
Here, the judge did not re-sentence Kincaid based upon her contention that this court would have affirmed Kincaid's sentence if it had the benefit of her FSF checklist upon its initial review.[1] As a result, she concluded that, having correctly sentenced him the first time around, she did not have jurisdiction to re-sentence him. This conclusion, however, ignores the mandate of Kincaid directing her to re-sentence him because we had concluded, based upon the record before us at that time, that his sentence did not comport with the requirements of law. It was, therefore, incumbent upon her to re-sentence him in accordance with the law of the case.
Because the order now before us was based upon a misinterpretation of our previous decision, we find no need to modify the sentence or direct a remand to the administrative judge for reassignment as Kincaid requests. The last assignment of error challenges the merits of the sentence and, therefore, is moot.
Judgment vacated, sentence vacated and case remanded for re-sentencing.
The judgment herein is vacated, the sentence vacated as to the major drug offender specification, and the cause remanded for re-sentencing to the lower court for proceedings consistent with this Opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J. AND LEO M. SPELLACY, J. CONCUR
[1] As we noted below, the record supported the maximum sentence on counts one and two but did not support the additional nine-year term on the major drug offender specification. It is noteworthy that the original 1998 FSF checklist included in the record does not reference the major drug offender specification, nor does it appear to comply with R.C.2929.14(D)(3)(b) or the "contemporaneous" aspect of R. C.2953.08(F)(3).